### THOMAS MASON v. WILLIAM S. POWELL.

The forcible breaking into a house, in the peaceable possession of another, in the absence of such possessor, is a forcible entry within our statute.

In error to Supreme Court.

By agreement of counsel, this case was submitted with briefs upon the following state of the case:

It appeared at the trial below, that the defendant in *certiorari* acquired possession of the premises in dispute a year or more before said trial, and held the same under a claim of right to the ownership of an unexpired interest or term of years therein, and had rented the same to various tenants, and that, a short time before the trial below, said defendant in *certiorari,* by proceeding under the landlord and tenant act, before a justice of the peace, recovered the actual possession of the same from his tenant, and that said defendant then entered into said house, and carefully closed up and fastened the same, to prevent the entrance of any stranger, and placed upon the front door of said house a notice, signed by the said defendant in *certiorari,* that the said premises were to let by him; and that, while the said property was thus vacant, the

Mason v. Powell.

plaintiff in *certiorari*, acting under the advice and direction of one Osborn Conrad, who claimed some right to the said premises, but had never been in the possession of the same, broke the locks and other fastenings by which the said defendant had secured the said house, and entered into the possession of the same in the absence of, and without the knowledge or consent of said defendant ; and that, on learning of this entry, the said defendant immediately returned to the premises, and demanded of the said plaintiff admittance into the same ; and that said plaintiff maintained the possession of the same against him, and refused to allow him to enter in a peaceable manner, and declared his intention to hold said premises by force ; and that the said defendant in *certiorari* was, at the time of said entry, a person in very poor health, suffering from a recent attack of paralysis, and that he brought said suit to recover the possession lost as aforesaid ; and it is agreed that if the court shall consider the entry and detainer of Mason sufficient to sustain the action of forcible entry and detainer, then the judgment of the court below is to be affirmed, otherwise, to be reversed.

For the plaintiff in error, *A. Hugg*.

For the defendant in error, *D. J. Pancoast*.

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.   I have not found any question of difficulty in this case.   The point urged against the decision in the Supreme Court was, that it was not sufficiently shown, on the trial of the cause, that the entry upon the premises in question was of such a character that a proceeding for a forcible entry and detainer would lie, the defect insisted on being that, neither in the act of taking or withholding the possession of the property, was the requisite force exhibited. But the case sent to this court states that the house, being the premises in dispute, was in possession of the defendant in this court, and that he " carefully closed up and fastened the

same," and that the plaintiff " broke the locks and other fast-
enings by which the said defendant had secured the said
house, and entered into the possession of the same in the ab-
sence of, and without the knowledge and consent of the said
defendant." Such an entry as this constitutes, *per se*, and, in
the absence of any circumstance exhibiting greater force, a
forcible entry within the purview of the statute regulating
the subject. The second section of this act is very explicit in
this particular. Its purpose is to define the offence of forcible
entry and detainer. Its language is : " If any one shall enter
upon or into any lands, tenements, or other possessions, and
detain and hold the same, with force or strong hand, or with
weapons, or by breaking open the doors, windows, or other
part of a house, whether any person be in it or not ; or by any
kind of violence whatsoever, &c. ; in such case, every person
so offending shall be guilty of a forcible entry and detainer
within the meaning of this act."

This section is not to be found in any of the English acts,
and it appears to have proceeded from the pen of Judge Pat-
erson, and its object obviously was, to embody, in the form
of a definition, what he considered to be the result of the de-
cisions with respect to the nature of this particular offence.
Among such decisions were some which appeared to have
held that the breaking into a house was, of itself, a forcible
entry. This principle, as derived from ancient judgments, is
thus stated by Sergeant Hawkins, 1 *P. C., ch.* 64, § 26 : " It
seems to be agreed that an entry may be said to be forcible,
not only in respect of a violence actually done to the person
of a man, as by beating him, if he refuse to relinquish his
possession, but also in respect of any other kind of violence
in the manner of the entry, as by breaking open the doors of
a house, whether any person be in it at the same time or not."
This author, in using this language, was treating of forcible
entries as misdemeanors, and he thus explicitly holds that
such offence was completed by the single act of taking pos-
session of a house by breaking into it, even in the absence of

Mason v. Powell.

the owner. Nor do I know that this principle, as a part of the common law, has ever been called in question. It is upon this ground that the judgment in *Rex* v. *Bathurst*, *Sayer* 225, appears, in the main, to rest; and this case is cited, with seeming approbation, by Chief Justice Ewing, in *Butts* v. *Voorhees*, 1 *Green* 18. See, also, for a recognition of this doctrine, the opinion of the Chancellor, in the case of *Todd* v. *Jackson*, 2 *Dutcher* 525.

This, then, being the doctrine of the common law, it would have been strange if Judge Paterson had failed to recognize its prevalence in the section in question. To have omitted a reference to it in this connection, would have been to innovate, and no reasonable ground appears for such a purpose. It would be but slightly less impolitic to allow a person to take possession of property in the peaceable possession of another, by breaking into a house, than to legalize a seizure of such possession by threats and intimidation. Both acts tend to disorder, and are therefore equally prohibited. In the present case, as it is admitted, the house in question was broken into, and in this manner taken possession of, and such possession was continued. The plaintiff in *certiorari* has plainly been guilty of a forcible entry and detainer.

The judgment, therefore, should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, DIXON, KNAPP, REED, SCUDDER, DODD, GREEN—9.

*For reversal*—None.